FIDELITY & CASUALTY CO. v. RANDOLPH. STANDARD L. & ACC. INS. CO. v. SAME. PREFERRED ACC. INS. CO. v. SAME.
UNION C. & S. CO. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1897.)

Nos. 440–443.

ACCIDENT INSURANCE—VOLUNTARY EXPOSURE—NEGLIGENCE.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

J. K. Flippin and Luke E. Wright, for plaintiffs in error.
Geo. Randolph, Samuel Holloway, and Wm. M. Randolph, for defendant in error.

Before HARLAN, Circuit Justice, LURTON, Circuit Judge, and SAGE, District Judge.

HARLAN, Circuit Justice. These were separate actions upon accident insurance contracts. They were tried with the case of Insurance Co. v. Randolph (just decided) 78 Fed. 754. The evidence in these cases was the same as in that case.

The Fidelity & Casualty Company by its contracts insured against "bodily injuries sustained through external, violent, and accidental means," and against death resulting within 90 days from such injuries independently of all other causes. But the contract did not cover (among other excepted cases) "voluntary exposure to unnecessary danger"; and "in case of injuries, fatal or otherwise, wantonly inflicted upon himself by the accused," the measure of the company's liability was a sum equal to the premium paid.

The Standard Life & Accident Insurance Company by its contracts insured against "immediate, continuous, and total disability or death resulting from bodily injuries" caused "solely by external, violent, and accidental means." But its contracts did not cover (among other excepted cases) "intentional injury (inflicted by the insured or any other persons), voluntary overexertion,

wrestling, lifting, racing, voluntary and unnecessary exposure to danger, entering or trying to enter or leave a moving conveyance using steam as a motor (cable cars excepted), riding in or on any conveyance not provided for the transportation of passengers, or walking or being on the roadbed or bridge of any railway."

The Preferred Accident Insurance Company by its contracts insured against "immediate, continuous, and total disability or death resulting from bodily injuries," effected during the term of the insurance, "through external, violent, and accidental means." But those contracts did not cover (among other excepted cases) "intentional injury (inflicted by the insured or any other person), nor voluntary and unnecessary exposure to danger, nor wrestling, or fighting, or racing or competitive games, nor entering or leaving, or attempting to enter or leave, a moving conveyance using steam, cable, or electricity as a motor (except street cars), nor travel on any conveyance not provided for transporting passengers"; the extent of the liability for "injuries, fatal or otherwise, purposely inflicted upon the insured by himself," to be the sum paid for the insurance ticket.

The Union Casualty & Surety Company by its contracts insured against bodily injuries happening to the assured, as well as death, caused solely by external, violent, and accidental means. But the contracts did not cover (among other excepted cases) "injuries intentionally inflicted on the assured by himself or by any other person, not being an unprovoked assault," nor "voluntary exposure to avoidable danger, except where incurred in an attempt to save human life," nor "any violation of law or municipal ordinance or of the rules of any corporation, entering or trying to enter or leave a moving conveyance (other than street cars) using steam or electricity as a motive power," nor "riding in or upon a conveyance not provided for the transportation of passengers, or walking or being on the roadbed or bridge of any railway."

The defense in each of these cases was substantially the same as in the case against the Travelers' Insurance Company.

The words, "voluntary and unnecessary exposure to danger," in the contracts with the Standard Life & Accident Insurance Company and the Preferred Accident Insurance Company, and the words, "voluntary exposure to avoidable danger," in the contract with the Union Casualty & Surety Company, mean the same as the words, "voluntary exposure to unnecessary danger," in the contracts with the Travelers' Insurance Company and Fidelity & Casualty Company.

For the reasons stated in the opinion in Insurance Co. v. Randolph (just decided), the judgment in each of these cases is affirmed.